**Glenn R. PODHOLA and Janice M. Podhola, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**83CV–6479–AA.**

United States District Court, E.D. Michigan, S.D.

May 14, 1984.

Glenn R. Podhola, Janice M. Podhola, pro se.

David P. Monson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Leonard R. Gilman, U.S. Atty., Detroit, Mich., for defendant.

### ORDER

JOINER, District Judge.

This case is before the Court on defendant's Motion to Dismiss. For the reasons stated herein, the motion is granted.

FACTS

Plaintiffs filed a 1040 form for the year 1982 in which they deleted the word "income" and substituted the word "receipts" on the printed form. They also altered line 24 of the return to read "non-taxable receipts", and treated the amount entered on this line, which represented over 90% of their income, as a deduction from "receipts". The I.R.S. assessed a $500 penalty against plaintiffs pursuant to 26 U.S.C. § 6702 for filing a frivolous income tax return. Plaintiffs paid 15% of the penalty, which is a jurisdictional prerequisite to maintaining this action for a refund of the penalty.

DISCUSSION

■ Sections 6702(a)(1)(B) and 6702(a)(2)(A) provide that a $500 penalty will be imposed upon any person who files a tax return that "contains information that on its face indicates that the self-assessment is substantially incorrect," or indicates a "position that is frivolous."[1] The alterations that plaintiffs made to the 1040 form they submitted in this case is the kind of conduct that falls squarely within the prohibition created by this statute. The Court holds that the government has met its burden of proof for establishing frivolity.[2]

■ Further, plaintiffs' argument that the government cannot impose a penalty under 26 U.S.C. § 6702 unless it can prove that plaintiffs had an intention to file such a frivolous return is misplaced. The statutory provision imposes a civil penalty which is not predicated upon a finding of *mens rhea*. The government need merely show that the position taken by the taxpayer in filing the return is frivolous. Upon such a showing liability attaches, whether or not the taxpayer subjectively intended to defraud the government of tax revenues.

■ To the extent that plaintiffs have argued in their response to this motion that by preparing their tax return in the manner mandated by the federal income tax laws, they would be subjecting themselves to the penalties of perjury, and that such compelled preparation would amount to compelled self-incrimination, in violation of the fifth amendment, this argument too is misplaced. The privilege against self-incrimination can be employed only to protect a taxpayer from revealing the source of income, which source may be illegal. The privilege cannot be invoked to permit a taxpayer to disavow his statutory duty to disclose the amount of his income.

For the foregoing reasons, the Motion to Dismiss is granted.

SO ORDERED.

---

1. The statute provides as follows:
§ 6702. Frivolous income tax return
(a) Civil penalty. —If—
  (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
    (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
    (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
  (2) the conduct referred to in paragraph (1) is due to—
    (A) a position which is frivolous, or
    (B) a desire (which appears on the purported return) to delay or impeded the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.
(b) Penalty in addition to other penalties.
—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

2. The burden is placed upon the I.R.S. by 26 U.S.C. § 6703(a), which provides:
§ 6703. Rules applicable to penalties under sections 6700, 6701, and 6702
  (a) Burden of proof. —In any proceeding involving the issue of whether or not any person is liable for a penalty under section 6700, 6701, or 6702, the burden of proof with respect to such issue shall be on the Secretary.